**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| WEBROOT INC. and OPENTEXT, INC., | Case No. 6:22-cv-00240-ADA-DTG |
| *Plaintiffs,* | |
| v. | **JURY TRIAL DEMANDED** |
| SOPHOS LTD., | |
| *Defendant.* | |
| | |
| SOPHOS LTD., | |
| *Counterclaim-Plaintiff,* | |
| v. | |
| WEBROOT INC., OPENTEXT, INC., and OPENTEXT CORP., | |
| *Counterclaim-Defendants.* | |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Sophos Ltd. ("Sophos" or "Defendant"), by and through their attorneys, respectfully submits this Answer to Plaintiffs' First Amended Complaint for Patent Infringement ("FAC") of Plaintiffs Webroot Inc. ("Webroot") and Open Text, Inc. ("Open Text") (collectively, "Plaintiffs").   Defendant responds in numbered paragraphs corresponding to the numbered paragraphs of the FAC, and in doing so denies the allegations of the FAC except as specifically stated.

1.      Paragraph 1 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

2.      Paragraph 2 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

3.      Paragraph 3 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

4.      Paragraph 4 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

5.      Paragraph 5 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

6.      Paragraph 6 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

7.      Paragraph 7 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

8.      Paragraph 8 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

9.      Paragraph 9 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

10.      Paragraph 10 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

11.      Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and therefore denies these allegations.

12.      Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, and therefore denies these allegations.

13.     Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefore denies these allegations.

14.     Paragraph 14 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

15.     Paragraph 15 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies that it is a direct competitor of the Plaintiffs and denies that it provides security software and systems that, without authorization, implement Plaintiffs' patented technology.  Sophos denies that any of its security software is infringing, including but not limited to Intercept X Advanced with EDR and XDR, Sophos Web Appliance, Sophos XG Firewall, and Sophos Synchronized Security.  Except as expressly admitted, Sophos denies the allegations in Paragraph 15.

16.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibits 1–7 of the FAC purport to be copies of the '250, '389, '045, '224, '591, '844, and '721 patents.  Except as expressly admitted, Sophos denies the allegations in Paragraph 16.

## NATURE OF THE CASE

17.     Sophos admits that the FAC purports to set forth a patent infringement action arising under the patent laws of the United States.  Except as expressly admitted, Sophos otherwise denies these allegations.

## THE PARTIES

18.     Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and therefore denies these allegations.

19.     Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and therefore denies these allegations.

20.     Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, and therefore denies these allegations.

21.     Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and therefore denies these allegations.

22.     Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22, and therefore denies these allegations.

23.     Admitted.

## JURISDICTION AND VENUE

24.     Paragraph 24 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos admits that the FAC purports to set forth a patent infringement action arising under the patent laws of the United States.  Except as expressly admitted, Sophos denies the allegations in Paragraph 24.

25.     Paragraph 25 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

26.     Paragraph 26 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies the allegations in Paragraph 26.

27.     Paragraph 27 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos admits that it is a company registered in England and Wales, United Kingdom.  Except as expressly admitted, Sophos denies the allegations in Paragraph 27.

28.     Paragraph 28 alleges legal conclusions to which no response is required.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that it is a company registered in England and Wales, United Kingdom.  Except as expressly admitted, Sophos denies the allegations in Paragraph 28.

29.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Except as expressly admitted, Sophos denies the allegations in Paragraph 29.

30.     Sophos admits there are businesses in this District identified on Sophos.com as Sophos Partners.  Except as expressly admitted, Sophos denies the allegations in Paragraph 30.

31.     Paragraph 31 alleges legal conclusions to which no response is required.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Except as expressly admitted, Sophos denies the allegations in Paragraph 31.

32.     Sophos denies the allegations in Paragraph 32.

33.     Sophos denies the allegations in Paragraph 33.

34.     Sophos admits that it makes its endpoint security services available on its website, widely advertises those services, provides applications that allow partners and users to access those services, provides instructions for installing and maintaining those products, and provides technical support to users.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Sophos denies the allegations in Paragraph 34.

35.     Sophos denies the allegations in Paragraph 35.

36.     Sophos denies the allegations in Paragraph 36.

37.     Sophos denies the allegations in Paragraph 37.

**PLAINTIFFS' PATENTED INNOVATIONS**

38.     Paragraph 38 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos lacks knowledge or information

sufficient to form a belief as to the allegations in Paragraph 38, and therefore denies these allegations.

39.     Paragraph 39 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, and therefore denies these allegations.

Advanced Malware Detection Patents<br>U.S. Patent Nos. 8,418,250 and 8,726,389

40.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 40, and therefore denies these allegations.

41.     To the extent the allegations of Paragraph 41 purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 1 purports to be a copy of the '250 patent.

42.     To the extent the allegations of Paragraph 42 purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 2 purports to be a copy of the '389 patent.

43.     Paragraph 43 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

44.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 44 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

45.     Paragraph 45 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

46.     Paragraph 46 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

47.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 47 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

48.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 48 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

49.     Paragraph 49 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

50.     Paragraph 50 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

51.     Paragraph 51 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

52.     Paragraph 52 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

53.     Paragraph 53 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

54.     Paragraph 54 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

55.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 55 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

56.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 56 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

57.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 57 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

58.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 58 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

59.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Paragraph 59 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

60.     Paragraph 60 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

61.     Paragraph 61 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

Forensic Visibility Patents
U.S. Patent Nos. 9,578,045 and 10,257,224

62.     Sophos lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 62, and therefore denies these allegations.

63.     To the extent the allegations of Paragraph 63 purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 3 purports to be a copy of the '045 patent.

64.     To the extent the allegations of Paragraph 64 purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 4 purports to be a copy of the '224 patent.

65.     To the extent the allegations of Paragraph 65 purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 65 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

66.     To the extent the allegations of Paragraph 66 purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 66 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

67.     To the extent the allegations of Paragraph 67 purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 67

are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

68.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 68 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

69.     The remaining allegations in Paragraph 69 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

70.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 70 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

71.     Paragraph 71 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies those allegations.

72.     Paragraph 72 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

73.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 73 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

74.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 74

are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

75.     Paragraph 75 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

<u>U.S. Patent No. 10,284,591</u>

76.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 5 purports to be a copy of the '591 patent.  Sophos lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 76, and therefore denies these allegations.

77.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 77 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

78.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 78 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

79.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 79 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

80.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 80

are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

U.S. Patent No. 10,599,844

81.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 6 purports to be a copy of the '844 patent.   Sophos lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 81, and therefore denies these allegations.

82.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 82 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

83.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 83 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

84.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 84 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

85.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 85 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

86.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 86 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

87.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 87 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

88.     Paragraph 88 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

89.     Paragraph 89 includes subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

<u>U.S. Patent No. 9,413,721</u>

90.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos admits that Exhibit 7 purports to be a copy of the '721 patent.  Sophos lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 90, and therefore denies these allegations.

91.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 91 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

92.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 92

are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

93.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 93 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

94.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 94 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

95.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 95 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

96.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 96 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

97.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 97 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

## ACCUSED PRODUCTS

98.     Sophos denies the allegations in Paragraph 98.

99.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 99 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

100.    The allegations in Paragraph 100 include subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

101.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  The remaining allegations in Paragraph 101 are subjective characterizations and assertions that do not require a response.  To the extent a response is required, Sophos denies these allegations.

## FIRST CAUSE OF ACTION

## (INFRINGEMENT OF THE '250 PATENT)

102.    Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

103.    Paragraph 103 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

104.    The allegations of Paragraph 104 purport to characterize the contents of a written document.  The document speaks for itself.

105.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 105.

106.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 106.

107.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 107.

108.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 108.

109.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 109.

110.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 110.

111.   This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 111.

112.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 112.

113.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 113.

114.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 114.

115.     Paragraph 115 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

116.     Sophos admits that it has been aware of the '250 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 116.

117.     Sophos denies the allegations in Paragraph 117.

118.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 118.

119.     Sophos denies the allegations in Paragraph 119.

120.     Sophos denies the allegations in Paragraph 120.

121.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 121.

122.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 122.

123.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 123.

124.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 124.

125.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 125.

126.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 126.

127.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 127.

128.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 128.

129.    Sophos admits that it has been aware of the '250 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 129.

130.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 130.

131.    Sophos denies the allegations in Paragraph 131.

132.    Sophos denies the allegations in Paragraph 132.

133.    Sophos admits that it has been aware of the '250 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 133.

134.    Sophos denies the allegations in Paragraph 134.

## SECOND CAUSE OF ACTION

### (INFRINGEMENT OF THE '389 PATENT)

135.    Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

136.    Paragraph 136 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

137.    The allegations of Paragraph 137 purport to characterize the contents of a written document.  The document speaks for itself.

138.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 138.

139.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the

contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 139.

140.    This paragraph includes subjective characterizations and assertions that do not require a response. Sophos otherwise denies the allegations in Paragraph 140.

141.    This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 141.

142.    This paragraph includes subjective characterizations and assertions that do not require a response. Sophos otherwise denies the allegations in Paragraph 142.

143.    This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 143.

144.    This paragraph includes subjective characterizations and assertions that do not require a response. Sophos otherwise denies the allegations in Paragraph 144.

145.    This paragraph includes subjective characterizations and assertions that do not require a response. Sophos otherwise denies the allegations in Paragraph 145.

146.    This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 146.

147.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 147.

148.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 148.

149.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 149.

150.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 150.

151.    Paragraph 151 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

152.    Sophos admits that it has been aware of the '389 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 152.

153.    Sophos denies the allegations in Paragraph 153.

154.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 154.

155.    Sophos denies the allegations in Paragraph 155.

156.    Sophos denies the allegations in Paragraph 156.

157.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 157.

158.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 158.

159.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 159.

160.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 160.

161.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 161.

162.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 162.

163.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 163.

164.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 164.

165.    Sophos admits that it has been aware of the '389 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 165.

166.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 166.

167.    Sophos denies the allegations in Paragraph 167.

168.    Sophos denies the allegations in Paragraph 168.

169.    Sophos admits that it has been aware of the '389 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 169.

170.    Sophos denies the allegations in Paragraph 170.

**THIRD CAUSE OF ACTION**

**(INFRINGEMENT OF THE '045 PATENT)**

171.    Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

172.    Paragraph 172 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

173.    The allegations of Paragraph 173 purport to characterize the contents of a written document.  The document speaks for itself.

174.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the

contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 174.

175.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 175.

176.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 176.

177.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 177.

178.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 178.

179.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 179.

180.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 180.

181.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 181.

182.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 182.

183.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 183.

184.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 184.

185.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 185.

186.     Paragraph 186 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

187.     Sophos admits that it has been aware of the '045 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 187.

188.     Sophos denies the allegations in Paragraph 188.

189.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 189.

190.     Sophos denies the allegations in Paragraph 190.

191.     Sophos denies the allegations in Paragraph 191.

192.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 192.

193.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 193.

194.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 194.

195.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 195.

196.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 196.

197.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 197.

198.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 198.

199.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 199.

200.     Sophos admits that it has been aware of the '045 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 200.

201.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 201.

202.     Sophos denies the allegations in Paragraph 202.

203.     Sophos denies the allegations in Paragraph 203.

204.     Sophos admits that it has been aware of the '045 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 204.

205.     Sophos denies the allegations in Paragraph 205.

## FOURTH CAUSE OF ACTION

## (INFRINGEMENT OF THE '224 PATENT)

206.     Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

207.     Paragraph 207 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

208.     The allegations of Paragraph 208 purport to characterize the contents of a written document.  The document speaks for itself.

209.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 209.

210.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 210.

211.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 211.

212.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 212.

213.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 213.

214.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 214.

215.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 215.

216.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 216.

217.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 217.

218.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 218.

219.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 219.

220.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 220.

221.     Paragraph 221 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

222.     Sophos admits that it has been aware of the '224 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 222.

223.     Sophos denies the allegations in Paragraph 223.

224.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 224.

225.     Sophos denies the allegations in Paragraph 225.

226.     Sophos denies the allegations in Paragraph 226.

227.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 227.

228.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 228.

229.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of

those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 229.

230.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 230.

231.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 231.

232.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 232.

233.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 233.

234.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 234.

235.    Sophos admits that it has been aware of the '224 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 235.

236.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 236.

237.    Sophos denies the allegations in Paragraph 237.

238.    Sophos denies the allegations in Paragraph 238.

239.    Sophos admits that it has been aware of the '224 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 239.

240.    Sophos denies the allegations in Paragraph 240.

## FIFTH CAUSE OF ACTION

### (INFRINGEMENT OF THE '591 PATENT)

241.    Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

242.    Paragraph 242 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

243.    The allegations of Paragraph 243 purport to characterize the contents of a written document.  The document speaks for itself.

244.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 244.

245.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 245.

246.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 246.

247.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 247.

248.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 248.

249.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 249.

250.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 250.

251.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 251.

252.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the

contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 252.

253.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 253.

254.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 254.

255.    Paragraph 255 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

256.    Sophos admits that it has been aware of the '591 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 256.

257.    Sophos denies the allegations in Paragraph 257.

258.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 258.

259.    Sophos denies the allegations in Paragraph 259.

260.    Sophos denies the allegations in Paragraph 260.

261.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 261.

262.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 262.

263.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 263.

264.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 264.

265.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 265.

266.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 266.

267.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 267.

268.   This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 268.

269.   Sophos admits that it has been aware of the '591 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 269.

270.   To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 270.

271.   Sophos denies the allegations in Paragraph 271.

272.   Sophos denies the allegations in Paragraph 272.

273.   Sophos admits that it has been aware of the '591 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 273.

274.   Sophos denies the allegations in Paragraph 274.

## SIXTH CAUSE OF ACTION

### (INFRINGEMENT OF THE '844 PATENT)

275.   Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

276.   Paragraph 276 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

277.   The allegations of Paragraph 277 purport to characterize the contents of a written document.  The document speaks for itself.

278.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the

contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 278.

279.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 279.

280.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 280.

281.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 281.

282.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 282.

283.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 283.

284.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 284.

285.    Paragraph 285 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

286.    Sophos admits that it has been aware of the '844 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 286.

287.    Sophos denies the allegations in Paragraph 287.

288.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 288.

289.    Sophos denies the allegations in Paragraph 289.

290.    Sophos denies the allegations in Paragraph 290.

291.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 291.

292.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 292.

293.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of

those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 293.

294.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 294.

295.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 295.

296.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 296.

297.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 297.

298.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 298.

299.    Sophos admits that it has been aware of the '844 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 299.

300.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 300.

301.    Sophos denies the allegations in Paragraph 301.

302.     Sophos denies the allegations in Paragraph 302.

303.     Sophos admits that it has been aware of the '844 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 303.

304.     Sophos denies the allegations in Paragraph 304.

## SEVENTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '721 PATENT)

305.     Sophos incorporates and re-alleges its answers to the preceding paragraphs of the FAC.

306.     Paragraph 306 alleges legal conclusions to which no response is required.  To the extent a response is required, Sophos denies these allegations.

307.     The allegations of Paragraph 307 purport to characterize the contents of a written document.  The document speaks for itself.

308.     This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 308.

309.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 309.

310.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 310.

311.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the allegations of this paragraph purport to characterize the

contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 311.

312. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 312.

313. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 313.

314. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 314.

315. This paragraph includes subjective characterizations and assertions that do not require a response. To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself. Sophos otherwise denies the allegations in Paragraph 315.

316. Paragraph 316 alleges legal conclusions to which no response is required. To the extent a response is required, Sophos denies these allegations.

317. Sophos admits that it has been aware of the '721 patent since receiving the original Complaint in this lawsuit. Sophos otherwise denies the allegations in Paragraph 317.

318. Sophos denies the allegations in Paragraph 318.

319.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 319.

320.     Sophos denies the allegations in Paragraph 320.

321.     Sophos denies the allegations in Paragraph 321.

322.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 322.

323.     To the extent the allegations of this paragraph purport to characterize the contents of a written document, the document speaks for itself.  Sophos otherwise denies the allegations in Paragraph 323.

324.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 324.

325.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 325.

326.     To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of

those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 326.

327.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 327.

328.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 328.

329.    This paragraph includes subjective characterizations and assertions that do not require a response.  Sophos otherwise denies the allegations in Paragraph 329.

330.    Sophos admits that it has been aware of the '721 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 330.

331.    To the extent the allegations in this paragraph purport to describe the actions of third parties, Sophos lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.  Sophos otherwise denies the allegations in Paragraph 331.

332.    Sophos denies the allegations in Paragraph 332.

333.    Sophos denies the allegations in Paragraph 333.

334.    Sophos admits that it has been aware of the '721 patent since receiving the original Complaint in this lawsuit.  Sophos otherwise denies the allegations in Paragraph 334.

335.    Sophos denies the allegations in Paragraph 335.

## **PRAYER FOR RELIEF**

No response is required to Plaintiffs' prayer for relief.  To the extent that a response is deemed required, Sophos has not infringed, directly or indirectly, any valid and enforceable claim of any of the Asserted Patents, and Plaintiffs are not entitled to any remedy or recovery.  Plaintiffs' requests should therefore be denied in their entirety and with prejudice.

## DEMAND FOR JURY TRIAL

Sophos also requests a jury trial for all issues triable as such.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Sophos asserts the following defenses. Assertion of a defense is not a concession that Sophos has the burden of proving the matter asserted.  In addition to the defenses described below, Sophos expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

Plaintiffs' FAC fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (NON-INFRINGEMENT)

Sophos has not infringed and does not directly infringe, literally or by application of the doctrine of equivalents, either willfully or otherwise, any claim of any of the Asserted Patents, nor does Sophos indirectly infringe either literally or by application of the doctrine of equivalents, any claim of any of the Asserted Patents.

## THIRD AFFIRMATIVE DEFENSE

## (PATENT INELIGIBILITY AND INVALIDITY)

The asserted claims of the Asserted Patents, as properly construed, are ineligible, invalid, void, and/or unenforceable for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, the doctrine of non-statutory double-patenting, and/or for improper inventorship and derivation.

## FOURTH AFFIRMATIVE DEFENSE

### (DISCLAIMER AND PROSECUTION HISTORY ESTOPPEL)

Plaintiffs are precluded from construing any valid claim of any of the Asserted Patents to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of any of the Asserted Patents, (b) in the specifications and claims of any of the Asserted Patents, and/or (c) during the prosecutions of patents and applications related to any of the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

### (STATUTORY LIMITATION ON DAMAGES)

Plaintiffs' right to seek damages or costs is limited, including without limitation by 35 U.S.C. §§ 286, 287, and 288.  To the extent that Plaintiffs, their alleged predecessor(s)-in-interest to any of the Asserted Patents, or any licensee of any of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Sophos's actions allegedly infringed any claim of any of the Asserted Patents, Sophos is not liable to Plaintiffs for the acts alleged to have been performed by Sophos before it received actual notice of alleged infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (NO ENHANCED DAMAGES; NO ATTORNEYS' FEES)

Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiffs have failed to show, and cannot show, that any infringement has been willful and/or knowing.  Plaintiffs are not entitled to an award of attorneys' fees under 35 U.S.C. § 285, at least because Plaintiffs have failed to show, and cannot show, that this case is "exceptional" in Plaintiffs' favor as would be required by the statute.

## SEVENTH AFFIRMATIVE DEFENSE

### (NO COSTS)

Under 35 U.S.C. § 288, Plaintiffs are precluded from recovering costs associated with this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (NO INJUNCTIVE RELIEF)

Plaintiffs are not entitled to any injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law for any alleged injury.

## NINTH AFFIRMATIVE DEFENSE

### (EQUITABLE DEFENSES)

Plaintiffs' claims for relief are barred, in whole or in part, due to waiver, equitable estoppel and/or acquiescence because they or their predecessors-in-interest have long known of the basis for the allegations they now assert against Sophos but unreasonably delayed the seeking of relief. *See, e.g.*, *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992) (en banc); *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011). Further, on information and belief, Plaintiffs' claims are barred in whole or in part by the doctrines of implied license, patent misuse, and/or other equitable remedies.

## TENTH AFFIRMATIVE DEFENSE

### (LICENSE AND EXHAUSTION)

On information and belief, Plaintiffs' claims for relief are barred, in whole or in part, by licenses and/or covenants not to sue granted under the Asserted Patents, and/or by patent exhaustion. *See, e.g.*, *Impression Prods. v. Lexmark Intern.*, 137 S. Ct. 1523, 1534–35 (2017).

## ELEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (ENSNAREMENT)

Plaintiffs' claims are barred or limited by the doctrine of ensnarement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (TERRITORIALITY)

To the extent Plaintiffs' claims are directed to acts occurring outside the United States, those claims are barred or limited by the doctrine of territoriality set forth by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

To the extent Plaintiffs lack all substantive right to bring suit and to exclude others from practicing the claims of one or more of the Asserted Patents, Plaintiffs' claims are barred by a lack of standing.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (JUDICIAL ESTOPPEL)

Plaintiffs' patent infringement claims are barred, in whole or in part, based on judicial estoppel.  The asserted claims of the Asserted Patents are invalid or unenforceable, and Sophos has not infringed, and is not infringing, the asserted claims of the Asserted Patents at least due in part to statements, representations, admissions, elections, positions, concessions, and filings made by Plaintiffs in prior judicial or administrative proceedings.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (RES JUDICATA AND/OR COLLATERAL ESTOPPEL)

Plaintiffs' claims, and issues relating to those claims, are barred, in whole or in part, as a result of adjudications on the merits of other judicial or administrative proceedings involving the Asserted Patents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (GOVERNMENT SALES)

Plaintiffs' remedies are limited by 28 U.S.C. § 1498(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (MISJOINDER OF PARTIES)

Plaintiffs are misjoined in this action to the extent that they are seeking to enforce rights that exist independent of one another and have no apparent link to one another, or to the extent any of them lack standing to bring this suit.

## SOPHOS'S COUNTERCLAIMS

1.      Counterclaim-Plaintiff Sophos Ltd. ("Sophos") seeks damages from (i) OpenText, Inc., (ii) OpenText Corp. (collectively "OpenText"), and (iii) Webroot Inc. ("Webroot") (altogether "Counterclaim-Defendants") for infringement of U.S. Patent Nos. 9,967,267 (the "'267 Patent"); 11,095,669 (the "'669 Patent"); 7,757,002 (the "'002 Patent"); and 7,890,627 (the "'627 Patent"); (collectively, the "Counterclaim Patents").

2.      Sophos also seeks declaratory judgment that each of the Asserted Patents is invalid, and none of them is infringed by Sophos.

## THE PARTIES

3.     Sophos is a foreign corporation organized and existing under the laws of England and Wales in the United Kingdom, with headquarters at The Pentagon, Abingdon, OX143YP, United Kingdom.

4.     Sophos is the owner of all right, title, and interest in the Counterclaim Patents.

5.     Upon information and belief, Webroot is a corporation established under the laws of the State of Delaware, having a principal place of business at 285 Interlocken Crescent, Suite 800, Broomfield, Colorado 80021, and being a registered business in Texas.

6.     Upon information and belief, OpenText, Inc. is a corporation organized and existing under the laws of the State of Delaware.

7.     Upon information and belief, OpenText Corp. is the corporate parent of both OpenText, Inc. and Webroot, organized and existing under the laws of Canada having a principle place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada N2L 0A1.

8.     Upon information and belief, OpenText maintains three business offices in the state of Texas, two of which are located in this District, including one in Austin and another in San Antonio.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over Sophos's counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

10.     The Court has personal jurisdiction over Webroot because Webroot made a general appearance in this case and because Webroot is a registered business in Texas with multiple customers in this District.

11.     The Court has personal jurisdiction over OpenText, Inc. because OpenText, Inc. made a general appearance in this case and because OpenText maintains three business offices in the state of Texas including two in this District.

12.     The Court has personal jurisdiction over OpenText Corp. because OpenText maintains three business offices in the state of Texas including two in this district, where, upon information and belief, it has made, used, offered for sale, sold, and/or imported into the United States one or more of the Counterclaim Accused Products (defined below).

13.     OpenText Corp. has purposely availed itself of this Court in at least *Open Text Corp. v. Alfresco Software, Ltd.*, No. 20-cv-941.

14.     Venue is proper in this District as to these counterclaims against Webroot and OpenText pursuant to 28 U.S.C. §§ 1391(a)–(c) and 1400(b) at least because Webroot and OpenText, Inc. have consented to venue of this Court by filing their Complaint and Amended Complaint here, and because OpenText Corp. is a foreign corporation.

## BACKGROUND

### Sophos's Patented Technology

15.     Sophos is a world leader in IT security and data protection.  In its thirty-seven-year history, it has, through intense research and development, obtained over 185 U.S. patents on numerous aspects of IT security.

16.     The '267 and '669 Patents cover systems and methods of root cause analysis for suspicious or malicious events on a system, and means of identifying other affected objects or processes.  This technology allows for quick and efficient remediation of malware, potential data leakage events, hardware changes, or other potential internal or external threats.

17.     The '002 Patent covers systems and methods of protecting users from potentially malicious content by pre-fetching content, analyzing it for threats, categorizing any threats, and

responding appropriately.  This technology keeps users and enterprises safe while improving user experience.

18.    The '627 Patent covers systems of predicting the reputation of unknown communications or objects based on the statistically calculated reputation of known communications or objects and the hierarchical relationships between the two.  This technology allows users to be protected from unknown or zero-day threats while reducing the number of false-positive warnings.

19.    Each of the Counterclaim Patents was lawfully and duly issued by the USPTO.

20.    Sophos owns all right, title, and interest in the Counterclaim Patents, and has the right to sue and recover for their infringement, including for past damages.

**The Counterclaim Accused Products**

21.    OpenText offers, as part of its endpoint security suite, EnCase Endpoint Security ("EnCase").  OpenText acquired the EnCase product from Guidance Software and incorporated it into its endpoint security offerings.  *See* Ex. 1; Ex. 2.  EnCase comprises software installed on endpoints as well as at the enterprise level, allowing generation of event graphs showing root causes and affected processes from data leakage events, hardware changes, and other events of interest.

22.    OpenText offers, as part of its OpenText Security Solutions, the Zix Email Security Service ("Zix"), which it rebranded as Webroot Email Security Services.  *See* Ex. 3.  OpenText acquired Zix, Inc. and continues to provide its services and solutions.  *See* Ex. 4; Ex. 5.  Zix includes functionality that allows incoming emails to be analyzed for malicious or unwanted content, which may either be attached to or linked to the emails, pre-fetch the content, analyze it,

mark links to the analyzed materials, and either allow or deny user access based on the results of the evaluation.  *See* Ex. 6.

23.     Webroot offers a software product called Webroot SecureAnywhere ("SecureAnywhere") to enterprises and individuals.  SecureAnywhere's features include software that inspects links on webpages, evaluates them for malicious or unwanted content, identifies them according to their threat level, and either allows or denies access based on threat level.  *See* Ex. 7; Ex. 8; Ex. 9.

24.     Webroot offers a service called BrightCloud Threat Intelligence ("BrightCloud"), both as an application programming interface (API) and as a software development kit (SDK) for use by security companies and system administrators.  *See* Ex. 10.  Webroot also uses BrightCloud itself as part of the Webroot Intelligence Network.  *See* Ex. 11.  On information and belief, BrightCloud works in part by assigning a risk score to unknown objects and domains by hierarchically arranging them with known ones—what it calls a "'guilt by association' model." *Id.*

25.     Counterclaim-Defendants infringe one or more of the Counterclaim Patents, by making, using, selling, offering to sell, or importing—and by inducing their customers' use of— at least EnCase, Zix, SecureAnywhere, and BrightCloud (the "Counterclaim Accused Products"), as described more fully below.

26.     Sophos informed OpenText and Webroot of their infringement by letter dated August 3, 2022, but they continued to make, use, sell, offer to sell, and/or import into the United States the Counterclaim Accused Products, and to induce others to do so.

## COUNTERCLAIM I

### Infringement of U.S. Patent No. 9,967,267

27.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

28.    The '267 Patent claims priority to April 15, 2016.

29.    The '267 Patent claims systems for and methods of forensic analysis of computer processes by detecting a security event such as a potential data leakage event, traversing an event graph backwards to identify a root cause of the event, and traversing the even graph forwards to identify other objects affected by that root cause.

30.    OpenText makes, uses, offers for sale, sells, and/or imports EnCase in the United States, through which OpenText infringes, directly and indirectly, literally and/or under the doctrine of equivalents, at least claim 1 of the '267 Patent.

31.    OpenText has advertised and demonstrated EnCase's performance and abilities in an online presentation given by OpenText agents on or around May 31, 2019 and hosted at https://www.youtube.com/watch?v=KQ-a_Gczcgo, relevant still images of which are attached as Exhibit 12.  *See also* Ex. 13.

32.    EnCase's performance is also evidenced by publications from Mitre Engenuity, documented at https://attackevals.mitre-engenuity.org/enterprise/participants/opentext, exemplary relevant images from which are attached as Exhibit 14.

33.    EnCase is a computer program for forensic analysis for computer products.  *See generally, e.g.*, Exs. 12–14.

34.    EnCase performs the step of instrumenting an endpoint to monitor causal relationships among computing objects, and to record sequences of events causally relating to the computing objects.  *See, e.g.*, Ex. 12 at 5–7.

35.     EnCase performs the step of detecting a security event associated with a computing object, including detecting a potential data leakage event. *See, e.g.*, Ex. 12 at 5–7; Ex. 14 at 3.

36.     EnCase performs the step of traversing an event graph based on the sequence of events in reverse order from the computing object associated with the security event to preceding ones. *See, e.g.*, Ex. 14 at 1–2.

37.     EnCase performs the step of applying a cause identification rule to the preceding computing objects and causal relationships while traversing the event graph to identify one of the computing objects as a cause of the security event. *See, e.g.*, Ex. 14 at 1–2.

38.     EnCase performs the step of traversing the event graph forward from the cause of the security event to identify other computing objects affected by the cause. *See, e.g.*, Ex. 14 at 1–2.

39.     By offering EnCase without license or permission from Sophos, OpenText has infringed, and will continue to infringe, the '267 Patent in violation of 35 U.S.C. § 271(a).

40.     By using EnCase for its intended purposes, OpenText customers directly infringe the '267 Patent.

41.     OpenText has known of the '267 Patent since receiving a letter identifying the patent and the infringement on August 3, 2022.

42.     OpenText has known that its customers' acts, if taken, would constitute infringement of the '267 Patent—or, on information and belief, has believed there was a high probability that the acts by its customers would infringe the '267 Patent and OpenText took deliberate steps to avoid learning of that infringement—at least since receiving the notice letter on August 3, 2022.

54

43.     By providing EnCase to customers and instructing them in its use, OpenText has actively induced its customers to infringe, and will continue to actively induce its customers to infringe, the '267 Patent in violation of 35 U.S.C. § 271(b). *See, e.g.*, Exs. 12–14.

44.     On information and belief, despite OpenText's knowledge of the '267 Patent, it made the deliberate decision to sell products and services that it knew or should have known infringe this patent.

45.     OpenText's infringement of the '267 Patent has damaged and continues to damage Sophos in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Sophos would have made but for OpenText's acts of infringement.

## COUNTERCLAIM II

### Infringement of U.S. Patent No. 11,095,669

46.     Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

47.     The '669 Patent issued on an application that was a continuation of Application No. 15/946,026, which itself is a continuation of Application No. 15/130,244, which issued as the '267 Patent.

48.     The '669 Patent claims priority to April 15, 2016 and is governed under the provisions of the America Invents Act ("AIA").

49.     The '669 Patent claims systems for and methods of forensic analysis of computer processes by detecting a security event such as a potential hardware change, traversing an event graph backwards to identify a root cause of the event, and traversing the even graph forwards to identify other objects affected by that root cause.

50.     OpenText makes, uses, offers for sale, sells, and/or imports EnCase in the United States, through which OpenText infringes, directly and indirectly, literally and/or under the doctrine of equivalents, at least claim 1 of the '669 Patent.

51.     OpenText has advertised and demonstrated EnCase's performance and abilities in an online presentation given by OpenText agents on or around May 31, 2019 and hosted at https://www.youtube.com/watch?v=KQ-a_Gczcgo, relevant still images of which are attached as Exhibit 12. *See also* Ex. 13.

52.     EnCase's performance is also evidenced by publications from Mitre Engenuity, documented at https://attackevals.mitre-engenuity.org/enterprise/participants/opentext, exemplary relevant images from which are attached as Exhibit 14.

53.     EnCase is a computer program for forensic analysis for computer products. *See generally, e.g.*, Exs. 12–14.

54.     EnCase performs the step of instrumenting an endpoint to monitor causal relationships among computing objects, and to record sequences of events causally relating to the computing objects. *See, e.g.*, Ex. 12 at 5–7.

55.     EnCase performs the step of detecting a security event associated with a computing object, including detecting a potential hardware change. *See, e.g.*, Ex. 12 at 5–7; Ex. 14 at 3.

56.     EnCase performs the step of traversing an event graph based on the sequence of events in reverse order from the computing object associated with the security event to preceding ones. *See, e.g.*, Ex. 14 at 1–2.

57.     EnCase performs the step of applying a cause identification rule to the preceding computing objects and causal relationships while traversing the event graph to identify one of the computing objects as a cause of the security event. *See, e.g.*, Ex. 14 at 1–2.

58.     EnCase performs the step of traversing the event graph forward from the cause of the security event to identify other computing objects affected by the cause. *See, e.g.*, Ex. 14 at 1–2.

59.     By offering EnCase without license or permission from Sophos, OpenText has infringed, and will continue to infringe, the '669 Patent in violation of 35 U.S.C. § 271(a).

60.     By using EnCase for its intended purposes, OpenText customers directly infringe the '669 Patent.

61.     OpenText has known of the '669 Patent since receiving a letter identifying the patent and the infringement on August 3, 2022.

62.     OpenText has known that its customers' acts, if taken, would constitute infringement of the '669 Patent—or, on information and belief, has believed there was a high probability that the acts by its customers would infringe the '669 Patent and OpenText took deliberate steps to avoid learning of that infringement—at least since receiving the notice letter on August 3, 2022.

63.     By providing EnCase to customers and instructing them in its use, OpenText has actively induced its customers to infringe, and will continue to actively induce its customers to infringe, the '669 Patent in violation of 35 U.S.C. § 271(b). *See, e.g.*, Exs. 12–14.

64.     On information and belief, despite OpenText's knowledge of the '669 Patent, it made the deliberate decision to sell products and services that it knew or should have known infringe this patent.

65.     OpenText's infringement of the '669 Patent has damaged and continues to damage Sophos in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Sophos would have made but for OpenText's acts of infringement.

## COUNTERCLAIM III

### Infringement of U.S. Patent No. 7,757,002 through Zix

66.     Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

67.     The '002 Patent claims priority to March 23, 2007.

68.     The '002 Patent claims systems for and methods of content analysis via proxy by pre-fetching content, analyzing the content, allowing access to acceptable content, and marking or rendering links to the content that dynamically change based on the analysis of the content.

69.     OpenText makes, uses, offers for sale, sells, and/or imports Zix in the United States, through which OpenText infringes, directly and indirectly, literally and/or under the doctrine of equivalents, at least claim 10 of the '002 Patent.

70.     Zix provides for content analysis via a proxy.  *See, e.g.*, Ex. 6 at 2.

71.     Zix performs the step of pre-fetching additional content linked to a first content. *See, e.g.*, Ex. 6 at 2; Ex. 15 at 1 (of 3).

72.     Zix performs the step of analyzing the pre-fetched content according to a content policy that includes a malware definition.  *See, e.g.*, Ex. 6 at 1–2; Ex. 15 at 2–3.

73.     Zix performs the step of allowing access to and providing the pre-fetched additional content which is found to be acceptable per the content policy.  *See, e.g.*, Ex. 6 at 2; Ex. 15 at 1.

74.     Zix performs the step of rendering the allowed content according to the content policy.  *See, e.g.*, Ex. 6 at 1–2; Ex. 15 at 1.

75.     Alternatively, and to the extent that Zix does not perform the preceding step, Zix customers, upon request, cause software to perform the step of rendering the allowed content according to the content policy.  *See, e.g.*, Ex. 6 at 1–2; Ex. 15 at 1.

76.     OpenText, by contracting with customers to provide them Zix services, exercises control or direction over its customers regarding performance of the preceding step.

77.     Zix performs the step of marking links to the pre-fetched additional content based on their status, wherein the link status dynamically changes based on analysis of the retrieved content.  *See, e.g.*, Ex. 6 at 2; Ex. 15.

78.     Zix performs the previous steps at least through its "Link Protection" functionality. *See* Ex. 6 at 2; Ex. 15.

79.     Zix performs the previous steps at least through its "Attachment Assurance" functionality.  *See* Ex. 6 at 2.

80.     By offering Zix without license or permission from Sophos, OpenText has infringed, and will continue to infringe, the '002 Patent in violation of 35 U.S.C. § 271(a).

81.     By using Zix for its intended purposes, OpenText customers directly infringe the '002 Patent.

82.     OpenText has known of the '002 Patent since receiving a letter identifying the patent and the infringement on August 3, 2022.

83.     OpenText has known that its customers' acts, if taken, would constitute infringement of the '002 Patent—or, on information and belief, has believed there was a high probability that the acts by its customers would infringe the '002 Patent and OpenText took deliberate steps to avoid learning of that infringement—at least since receiving the notice letter on August 3, 2022.

84.     By providing Zix to customers and instructing them in its use, OpenText has actively induced its customers to infringe, and will continue to actively induce its customers to infringe, the '002 Patent in violation of 35 U.S.C. § 271(b).  *See, e.g.*, Exs. 15–16.

85.     On information and belief, despite OpenText's knowledge of the '002 Patent, it made the deliberate decision to sell products and services that it knew or should have known infringe this patent.

86.     OpenText's infringement of the '002 Patent has damaged and continues to damage Sophos in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Sophos would have made but for OpenText's acts of infringement.

## COUNTERCLAIM IV

### Infringement of U.S. Patent No. 7,757,002 through SecureAnywhere

87.     Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

88.     Webroot makes, uses, offers for sale, sells, and/or imports SecureAnywhere in the United States, through which Webroot infringes, directly and indirectly, literally and/or under the doctrine of equivalents, at least claim 10 of the '002 Patent.

89.     SecureAnywhere performs each and every step of claim 10 of the '002 Patent

90.     SecureAnywhere provides for content analysis via a proxy.  *See, e.g.*, Ex. 8 at 1.

91.     SecureAnywhere performs the step of pre-fetching additional content linked to a first content.  *See, e.g.*, Ex. 7 at 26; Ex. 8 at 1–2.

92.     SecureAnywhere performs the step of analyzing the pre-fetched content according to a content policy that includes a malware definition.  *See, e.g.*, Ex. 7 at 26; Ex. 8 at 1.

93.     SecureAnywhere performs the step of allowing access to and providing the pre-fetched additional content which is found to be acceptable per the content policy.  *See, e.g.*, Ex. 7 at 26, 33–34.

94.     SecureAnywhere performs the step of rendering the allowed content according to the content policy.  *See, e.g.*, Ex. 7 at 26, 33–34.

95.     SecureAnywhere performs the step of marking links to the pre-fetched additional content based on their status, wherein the link status dynamically changes based on analysis of the retrieved content.  *See, e.g.*, Ex. 7 at 33–34; Ex. 8 at 2–3; Ex. 9 at 274, 276.

96.     SecureAnywhere performs the previous steps at least through its "Web Threat Shield" functionality.  *See generally, e.g.*, Exs. 7–9.

97.     By offering SecureAnywhere without license or permission from Sophos, Webroot has infringed, and will continue to infringe, the '002 Patent in violation of 35 U.S.C. § 271(a).

98.     By using SecureAnywhere for its intended purposes, OpenText customers directly infringe the '002 Patent.

99.     Webroot has known of the '002 Patent since receiving a letter identifying the patent and the infringement on August 3, 2022.

100.     Webroot has known that its customers' acts, if taken, would constitute infringement of the '002 Patent—or, on information and belief, has believed there was a high probability that the acts by its customers would infringe the '002 Patent and Webroot took deliberate steps to avoid learning of that infringement—at least since receiving the notice letter on August 3, 2022.

101.     By providing SecureAnywhere to customers and instructing them in its use, Webroot has actively induced its customers to infringe, and will continue to actively induce its customers to infringe, the '002 Patent in violation of 35 U.S.C. § 271(b).  *See, e.g.*, Exs. 7–9.

102.     On information and belief, despite Webroot's knowledge of the '002 Patent, it made the deliberate decision to sell products and services that it knew or should have known infringe this patent.

103.    Webroot's infringement of the '002 Patent has damaged and continues to damage Sophos in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Sophos would have made but for Webroot's acts of infringement.

## COUNTERCLAIM V

### Infringement of U.S. Patent No. 7,890,627

104.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

105.    The '627 Patent claims priority to July 2, 2009.

106.    The '627 Patent claims systems for predicting reputation of unknown communication identifiers by assigning statistical measures of the reputations of known communication identifiers, which reputations are acquired by receiving communications from communication identifiers, parsing the communication identifiers into components and assigning the components to a hierarchical tree structure, monitoring and keeping count of malicious and unwanted communications as well as non-malicious and unwanted communications, attributing the number of communications to each appropriate component of the hierarchical tree, and calculating a statistical measure related to the number of communications for each component of the hierarchical tree.

107.    Webroot makes, uses, offers for sale, sells, and/or imports BrightCloud in the United States, through which Webroot infringes, directly and indirectly, literally and/or under the doctrine of equivalents, at least claim 1 of the '627 Patent.

108.    BrightCloud is a computer program product. *See, e.g.*, Exs. 10, 11.

109.    BrightCloud performs the step of receiving a communication from a first communication identifier. *See, e.g.*, Ex. 10 at 1–2; Ex. 11 at 2.

110.     On information and belief, BrightCloud performs the step of parsing the first communication identifier into its components and assigning the components to a hierarchical tree structure that maintains the hierarchical relationship between the components of the communication identifier. *See, e.g.*, Ex. 10 at 3–5; Ex. 11 at 1–2.

111.     On information and belief, BrightCloud performs the step of monitoring and keeping count of a number of communications from the first communication identifier, including both a count of malicious and unwanted communications and non-malicious and unwanted communications. *See, e.g.*, Ex. 10 at 3–5; Ex. 11 at 2.

112.     On information and belief, BrightCloud performs the step of attributing the number of communications to each appropriate component of the hierarchical tree. *See, e.g.*, Ex. 10 at 3–5; Ex. 11 at 2.

113.     On information and belief, BrightCloud performs the step of calculating a statistical measure related to the number of communications for each component of the hierarchical tree. *See, e.g.*, Ex. 10 at 3–5; Ex. 11 at 2.

114.     BrightCloud performs the step of receiving a communication from a second communication identifier, wherein the second communication identifier is previously unknown and has a common component with the hierarchical tree. *See, e.g.*, Ex. 11 at 2.

115.     On information and belief, BrightCloud performs the step of assigning the statistical measure of the common component to the second communication identifier. *See, e.g.*, Ex. 11 at 2.

116.     On information and belief, BrightCloud performs the step of utilizing the statistical measure assigned to the second communication identifier to provide a prediction of reputation of the second communication identifier. *See, e.g.*, Ex. 11 at 2.

117.    Webroot uses BrightCloud to perform the above steps for payment by third parties. *See* Ex. 3.

118.    Webroot uses BrightCloud to perform the above steps to support features of SecureAnywhere.  *See* Ex. 8.

119.    On information and belief, OpenText uses BrightCloud to perform the above steps to support features of Zix.  *See*. Ex. 6; Ex. 5.

120.    By offering and/or using Zix without license or permission from Sophos, Counterclaim-Defendants have infringed, and will continue to infringe, the '627 Patent in violation of 35 U.S.C. § 271(a).

121.    By using BrightCloud for its intended purposes, Webroot customers directly infringe the '627 Patent.

122.    Webroot has known of the '627 Patent since receiving a letter identifying the patent and the infringement on August 3, 2022.

123.    Webroot has known that its customers' acts, if taken, would constitute infringement of the '627 Patent—or, on information and belief, has believed there was a high probability that the acts by its customers would infringe the '627 Patent and Webroot took deliberate steps to avoid learning of that infringement—at least since receiving the notice letter on August 3, 2022.

124.    By providing BrightCloud to customers and instructing them in its use, Webroot has actively induced its customers to infringe, and will continue to actively induce its customers to infringe, the '627 Patent in violation of 35 U.S.C. § 271(b).  *See, e.g.*, Exs. 10–11.

125.    On information and belief, despite Webroot's knowledge of the '627 Patent, it made the deliberate decision to sell products and services that it knew or should have known infringe this patent.

126.     Counterclaim-Defendants' infringement of the '627 Patent has damaged and continues to damage Sophos in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Sophos would have made but for Counterclaim-Defendants' acts of infringement.

## COUNTERCLAIM VI

### Declaratory Judgement of Invalidity of U.S. Patent No. 8,418,250

127.     Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

128.     Each asserted claim of the '250 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

129.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '250 Patent.

130.     Sophos is entitled to declaratory judgment that the '250 Patent is invalid.

## COUNTERCLAIM VII

### Noninfringement of U.S. Patent No. 8,418,250

131.     Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

132.     Sophos does not infringe any valid and enforceable claim of the '250 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '250 Patent.

133.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '250 Patent.

134.    A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '250 Patent.

135.    Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '250 Patent.

## COUNTERCLAIM VIII

### Declaratory Judgement of Invalidity of U.S. Patent No. 8,726,389

136.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

137.    Each asserted claim of the '389 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

138.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '389 Patent.

139.    Sophos is entitled to declaratory judgment that the '389 Patent is invalid.

## COUNTERCLAIM IX

### Noninfringement of U.S. Patent No. 8,418,389

140.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

141.   Sophos does not infringe any valid and enforceable claim of the '389 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '389 Patent.

142.   A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '389 Patent.

143.   A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '389 Patent.

144.   Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '389 Patent.

## COUNTERCLAIM X

### Declaratory Judgement of Invalidity of U.S. Patent No. 9,578,045

145.   Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

146.   Each asserted claim of the '045 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

147.   A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '045 Patent.

148.   Sophos is entitled to declaratory judgment that the '045 Patent is invalid.

## COUNTERCLAIM XI

### Noninfringement of U.S. Patent No. 9,578,045

149.   Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

150.   Sophos does not infringe any valid and enforceable claim of the '045 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '045 Patent.

151.   A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '045 Patent.

152.   A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '045 Patent.

153.   Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '045 Patent.

## COUNTERCLAIM XII

### Declaratory Judgement of Invalidity of U.S. Patent No. 10,257,224

154.   Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

155.    Each asserted claim of the '224 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

156.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '224 Patent.

157.    Sophos is entitled to declaratory judgment that the '224 Patent is invalid.

**COUNTERCLAIM XIII**

**Noninfringement of U.S. Patent No. 10,257,224**

158.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

159.    Sophos does not infringe any valid and enforceable claim of the '224 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '224 Patent.

160.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '224 Patent.

161.    A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '224 Patent.

162.    Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or

contributorily, and would not induce infringement of, any valid and enforceable claim of the '224 Patent.

## COUNTERCLAIM XIV

### Declaratory Judgement of Invalidity of U.S. Patent No. 10,284,591

163.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

164.    Each asserted claim of the '591 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

165.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '591 Patent.

166.    Sophos is entitled to declaratory judgment that the '591 Patent is invalid.

## COUNTERCLAIM XV

### Noninfringement of U.S. Patent No. 10,284,591

167.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

168.    Sophos does not infringe any valid and enforceable claim of the '591 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '591 Patent.

169.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '591 Patent.

170.    A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '591 Patent.

171.    Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '591 Patent.

## COUNTERCLAIM XVI

### Declaratory Judgement of Invalidity of U.S. Patent No. 10,599,844

172.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

173.    Each asserted claim of the '844 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

174.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '844 Patent.

175.    Sophos is entitled to declaratory judgment that the '844 Patent is invalid.

## COUNTERCLAIM XVII

### Noninfringement of U.S. Patent No. 10,599,844

176.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

177.    Sophos does not infringe any valid and enforceable claim of the '844 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed,

does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '844 Patent.

178.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '844 Patent.

179.    A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '844 Patent.

180.    Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '844 Patent.

## COUNTERCLAIM XVIII

### Declaratory Judgement of Invalidity of U.S. Patent No. 9,413,721

181.    Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

182.    Each asserted claim of the '721 Patent is invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132, and under the doctrine of non-statutory double patenting.

183.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the validity of the '721 Patent.

184.    Sophos is entitled to declaratory judgment that the '721 Patent is invalid.

## COUNTERCLAIM XIX

## Noninfringement of U.S. Patent No. 9,413,721

185.     Sophos restates and realleges the allegations of the preceding Paragraphs of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

186.     Sophos does not infringe any valid and enforceable claim of the '721 Patent.  The manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '721 Patent.

187.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Sophos and Webroot regarding the infringement of the '721 Patent.

188.     A judicial declaration is necessary and appropriate so that Sophos may ascertain its rights regarding the '721 Patent.

189.     Sophos is entitled to declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Accused Products has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly, or contributorily, and would not induce infringement of, any valid and enforceable claim of the '721 Patent.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sophos respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sophos respectfully seeks the following relief:

a)      Entry of judgment declaring that Counterclaim-Defendants have infringed the Counterclaim Patents;

b)      An award of all available damages for Counterclaim-Defendants' infringement of the Counterclaim Patents, not less than a reasonable royalty, together with pre-judgment and post-judgment interest;

c)      An order requiring Counterclaim-Defendants to provide a pre-judgment accounting and to pay supplemental damages to Sophos, including without limitation, pre-judgment and post-judgment interest;

d)      Judgement that the Asserted Patents and all of their claims are invalid and/or unenforceable;

e)      Judgment that Sophos does not infringe any valid and enforceable claim of the Asserted Patents;

f)      Dismissal, with prejudice, of Plaintiffs' claims against Sophos;

g)      An order declaring that this is an exceptional case and awarding Sophos its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

h)      An order awarding Sophos any such further relief as the Court may deem just and proper under the circumstances.

Dated:  August 8, 2022

Respectfully submitted,

/s/ J. Stephen Ravel

Josh Krevitt (*Pro hac vice*)
Brian Rosenthal (*Pro hac vice*)
Katherine Dominguez (*Pro hac vice*)
Allen Kathir (*Pro hac vice*)
Allyson Parks (*Pro hac vice*)
Michael M. Polka (*Pro hac vice*)
Benjamin Z. Bistricer (*Pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0005
Telephone:  (212) 351-4000
Facsimile:  (212) 716-0839
Email:  jkrevitt@gibsondunn.com
Email:  brosenthal@gibsondunn.com
Email:  kdominguez@gibsondunn.com
Email:  akathir@gibsondunn.com
Email:  aparks@gibsondunn.com
Email:  mpolka@gibsondunn.com
Email:  bbistricer@gibsondunn.com

Timothy P. Best (*Pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071-1504
Telephone:  (213) 229-7659
Facsimile:  (213) 229-6659
Email:  tbest@gibsondunn.com

Ryan Iwahashi (*Pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5067
Email:  riwahashi@gibsondunn.com

J. Stephen Ravel
Texas State Bar No. 16584975
**KELLY HART & HALLMAN LLP**
303 Colorado Street, Suite 2000
Austin, Texas 78701-0022
Telephone:  (512) 495-6429
Email:  steve.ravel@kellyhart.com

*Attorneys for Defendant and Counterclaim-Plaintiff Sophos Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 8, 2022, I caused the preceding document to be served on all counsel through the Court's ECF system.

*/s/ J. Stephen Ravel*
J. Stephen Ravel